UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BONNIE BRENSINGER, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 96-L-2757-S |
| BLUE CROSS/BLUE SHIELD OF ALABAMA; BLUE CROSS AND BLUE SHIELD OF ALABAMA, AS TRUSTEE AND FIDUCIARY OF THE UNITED STATES STEEL AND CARNEGIE PENSION FUND; UNITED STATES STEEL AND CARNEGIE PENSION FUND; TRUSTEE, ADMINISTRATOR AND/OR FIDUCIARY OF THE UNITED STATES STEEL AND CARNEGIE PENSION FUND, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

I.   Introduction

Currently pending before this court are a motion for summary judgment filed by defendant Blue Cross and Blue Shield of Alabama ("Blue Cross") as well as a joinder therein filed by defendants United States Steel and Carnegie Pension Fund (the "Fund") and Plan Administrator and Trustee of the United States Steel and Carnegie Pension Fund (the "Trustee").

Plaintiff has filed no response to the motions for summary judgment. While this in itself is sufficient grounds to

1

grant the motion, the court is convinced that the motions are also due to be granted on the merits.

## II. Undisputed Material Facts

Plaintiff's son, William Brensinger, was a participant and plaintiff, Bonnie Brensinger, was a dependent in the Fund by virtue of William Brensinger's employment at a subsidiary of USX Corporation. (Declaration of Holifield ¶ 3). The Fund is a qualified welfare benefit plan subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). (Plaintiff's complaint ¶ 25). The Fund provided medical, surgical, and other health benefits to its employees and their dependents through a collective bargaining agreement between U.S. Steel and the United Mine Workers of America. (Declaration of Holifield ¶ 3). Blue Cross was the claims administrator of health benefits under the Fund for participants and beneficiaries living in Alabama. (Declaration of Holifield ¶ 4).

From September 13, 1994 until October 1, 1994, plaintiff was treated in the hospital for severe depression at Brookwood Medical Center ("Brookwood"). (Plaintiff's complaint ¶¶ 28-29; Declaration of Holifield ¶ 5). Blue Cross denied payment of the inpatient portion of the claim as not being medically necessary. (Plaintiff's complaint ¶ 30; Declaration of Holifield ¶ 5). The total charge for plaintiff's hospitalization was $14,761.50. (Declaration of Ainsworth ¶ 2).

Brookwood participates with Blue Cross in a Concurrent

2

Utilization Review Program ("CURP"), which allows the hospital to perform its own medical necessity review subject to a retrospective review by Blue Cross. (Declaration of Holifield ¶ 6). Under the CURP agreement, if Blue Cross determines that any admission approved by the hospital was not medically necessary, the hospital's claim is denied and it cannot seek payment of the claims from the participant. (Declaration of Holifield ¶ 6). Blue Cross has informed Brookwood that it has denied payment of the claims as not medically necessary. (Declaration of Ainsworth ¶ 3). A Brookwood Patients Account Supervisor has testified, "Brookwood has written off the claims for in-patient treatment for Ms. Brensinger arising out of her September 1994 hospitalization in the total amount of $14,761.50. Brookwood will not seek payment from Ms. Brensinger for her September 1994 hospitalization." (Declaration of Ainsworth ¶ 4).

The plan at issue <u>sub judice</u> provides that benefits are not payable for services for which a beneficiary is not required to make payment. (Program of Insurance Benefits, Exhibit A to Declaration of Carney).

### III. Procedural History

Plaintiff filed suit in the Circuit Court of Jefferson County, Alabama. In the original complaint, plaintiff had claims for breach of contract, bad faith failure to pay a claim, outrage, benefits due pursuant to ERISA, and breach of fiduciary duty pursuant to ERISA. Plaintiff named as defendants Blue Cross, the

3

Fund, and the Trustee. The defendants removed the case to this court on October 21, 1996.

On February 21, 1997, this court entered an order dismissing plaintiff's claims for breach of contract, bad faith failure to pay a claim, and outrage.

## IV. Motion for summary judgment

In reviewing a motion for summary judgment, the motion is granted if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama, 941 F.2d 1428, 1437 (11th Cir. 1991). The evidence of the non-movant is to be believed, and the court is not to engage in jury functions such as determining credibility and weighing the evidence. Four Parcels, 941 F.2d at 1437. However, when the non-movant bears the burden of proof at trial and a motion for summary judgment has been made, the non-movant bears the burden of coming forward with sufficient evidence on each element that must be proved. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). If, on any part of the prima facie case, there would be insufficient evidence to require submission of the case to a jury, summary judgment is appropriate. Earley, 907 F.2d at 1080. As there is no genuine issue as to any material fact, the only question left to be resolved is whether plaintiff has stated any claim under which she can recover.

    A.    **Plaintiff's claim for ERISA benefits**

In determining whether the motion for summary judgment should be granted as to plaintiff's claim for benefits, the claim decision "is to be reviewed under a <u>de novo</u> standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989). The court, however, does not need to determine whether the plan contains language sufficient to confer some standard of review which is more lenient than <u>de novo</u> review; indeed, under the <u>de novo</u> standard, defendants correctly denied plaintiff's claim for benefits.

The plan at issue provides that benefits shall not be paid for services for which the beneficiary is not required to make payment. Upon Blue Cross' denial of plaintiff's claims as not medically necessary, Brookwood agreed not to seek payment of the claims from plaintiff. Thus plaintiff is not required to make payment, and no benefits are due to be paid under the terms of the plan. Unless Brookwood makes a demand for payment from plaintiff, any recovery under plaintiff's claim for benefits would be a windfall to plaintiff in violation of the terms of the plan. Blue Cross correctly denied plaintiff's claim for benefits, and summary judgment is appropriate.

    B.    **Plaintiff's claim for breach of ERISA-imposed fiduciary duties**

In her complaint, plaintiff alleges that defendants

5

breached their "fiduciary duty by denying, in bad faith, the Plaintiff's claim for health benefits pursuant to the plan." (Plaintiff's complaint ¶ 39). As a result of the breached duty, plaintiff suffered "damages in an amount equal to the expenses incurred as a result of her hospitalization ... as well as attorney's fees in an amount which has yet to be determined, as well as interest and costs." (Plaintiff's complaint ¶ 40). She demanded judgment for benefits due, prejudgment interest, and any other damages to which she is legally or equitably entitled. (Demand of judgment, Plaintiff's complaint Count Five).

ERISA § 502(a)(3) provides, "A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or terms of the plan." 29 U.S.C. § 1132(a)(3). In <u>Varity Corp. v. Howe</u>, 116 S. Ct. 1065 (1996), the Supreme Court held that ERISA § 502(a)(3) authorized a claim for individual relief for breach of fiduciary duty. <u>Varity</u>, 116 S. Ct. at 1076.

Because plaintiff is using § 502(a)(3) as a ruse to recover benefits, § 502(a)(3) is not available to her. In her claim for breach of fiduciary duty, plaintiff demands damages in an amount equal to the hospitalization expenses she incurred at Brookwood. These expenses, however, can be recovered--if at all--under § 502(a)(1)(B), which allows a participant to recover

6

y
z

benefits due under the terms of a plan. Thus plaintiff is, in effect, using § 502(a)(3) as a second attempt to recover benefits. Because plaintiff has an adequate remedy in § 502(a)(1)(B), she is prevented from recovering the damages she has demanded under § 502(a)(3). <u>Varity</u>, 116 S. Ct. at 1079; <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1475 (9th Cir. 1997); <u>Ream v. Frey</u>, 107 F.3d 147, 152-53 (3rd Cir. 1997); <u>Wald v. Southwestern Bell Corporation Customcare Medical Plan</u>, 83 F.3d 1002, 1006 (8th Cir. 1996); <u>Short v. American Cast Iron Pipe Co.</u>, 961 F. Supp. 261, 266. Plaintiff has alleged no damage for the breach of fiduciary duty which cannot be remedied by § 502(a)(1)(B). Thus, there is no equitable relief available to plaintiff under § 502(a)(3), and summary judgment is appropriate.

## V.  Conclusion

Plaintiff's complaint contains claims for benefits and breach of fiduciary duty. Summary judgment is appropriate as to both of plaintiff's claims. Thus, as established above and set out in the accompanying order, this court is today granting the defendants' motions for summary judgment.

DONE this 16th day of July 1997.

_Seybourn H. Lynne_
SENIOR JUDGE