UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 AUG 22 PM 1:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

BONNIE BRENSINGER, )
       Plaintiff, )
  vs. ) CV 96-L-2757-S
BLUE CROSS/BLUE SHIELD OF )
ALABAMA; BLUE CROSS AND BLUE
SHIELD OF ALABAMA, AS )
TRUSTEE AND FIDUCIARY OF THE
UNITED STATES STEEL AND )
CARNEGIE PENSION FUND;
UNITED STATES STEEL AND )
CARNEGIE PENSION FUND;
TRUSTEE, ADMINISTRATOR )
AND/OR FIDUCIARY OF THE
UNITED STATES STEEL AND )
CARNEGIE PENSION FUND,
)
       Defendants. )

ENTERED
AUG 2 2 1997

### MEMORANDUM OPINION

This cause comes before the court on plaintiff's Motion to Reconsider and for Award of Fees filed August 1, 1997. As to the motion for attorney's fees, the court enters the following findings of fact and conclusions of law:

I.   Findings of Fact

    1.   On July 16, 1997, this court entered summary judgment in favor of defendants.

    2.   In entering the judgment, this court found that defendant Blue Cross correctly denied plaintiff's claim for benefits. Blue Cross participates in a Concurrent Utilization Review Program



("CURP"), under which, if Blue Cross determines that any admission approved by the hospital was not medically necessary, the hospital's claim is denied and it cannot seek payment of the claims from the participant. The plan provides that benefits are not payable for services for which a participant is not required to make payment.

    3. When Blue Cross determined that plaintiff's admission by the hospital was not medically necessary, it correctly determined that no benefits were due to be paid to plaintiff under the terms of the plan.

II. Conclusions of Law

    1. ERISA provides, "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

    2. The Eleventh Circuit has listed five factors for district court to consider when deciding a motion for attorney's fees under this section: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question under the statute; and (5) the relative merits of the parties' positions. Florence Nightingale Nursing Service, Inc. v. Blue

Cross/Blue Shield of Alabama, 41 F.3d 1476, 1485 (11th cir. 1995); Freeman v. Continental Insurance Co., 996 F.2d 1116, 1119 (11th Cir. 1993); Iron Workers Local #272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980)[1]. These factors form the "nuclei of concerns" that this court should address, but "some may not be apropos in a given case." Freeman, 996 F.2d at 1119; Plumbers and Steamfitters Local No. 150 Pension Fund v. Vertex Construction Co., 932 F.2d 1443, 1453 (11th Cir. 1991); Iron Workers, 624 F.2d at 1266.

3. Defendants did not act in bad faith when they committed the actions which form the basis for this suit. Indeed, defendants acted correctly when they denied plaintiff's claim for benefits.

4. Plaintiff is entitled to no award of attorney's fees in this action. See Florence Nightingale, 41 F.3d at 1485-86 (holding that district court did not abuse its discretion in only discussing bad faith when it denied the prevailing plaintiff's motion for attorney's fees); Andrews v. Employees' Retirement Plan of First Alabama Bancshares, Inc., 938 F.2d 1245, 1248 (11th Cir. 1991) (reversing district court's award of attorney's fees and finding that defendant's lack of bad faith was dispositive).

5. A separate order will be entered.

DONE this _22nd_ day of August 1997.

_____
SENIOR JUDGE

---

[1] Opinions of the Fifth Circuit decided prior to October 1, 1981 are binding upon the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).